1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEROY SINGLETON,

               Petitioner,

     v.

JENS MAGELSSEN,

               Respondent.

CASE NO. C06-1764-JCC-MJB

MINUTE ORDER

14

15

16

17

18

19

20

21

22

23

24

25

26

     The following Minute Order is made by direction of the Court, the Honorable John C.

Coughenour, United States District Judge:

     This matter comes before the Court on Petitioner's filing of a Notice of Appeal (Dkt. No. 43) and

the Clerk's construction of this filing as a Motion for Certificate of Appealability (Dkt. No. 44) pursuant

to the Antiterrorism and Effective Death Penalty Act, under which an unsuccessful habeas petitioner must

be granted a certificate of appealability ("COA") before he can appeal a district court's denial of habeas

relief to the Court of Appeals.  28 U.S.C. § 2253(c).

     Petitioner apparently seeks to appeal the interlocutory Order (Dkt. No. 40) of United States

Magistrate Judge Monica J. Benton, which struck Petitioner's motion for a protective order (Dkt. No.

29) as outside the scope of this habeas corpus action.  The Magistrate Judge found that the matters raised

therein were "wholly unrelated to the instant habeas action" and that if Petitioner "believes that he has a

MINUTE ORDER – 1

1   meritorious constitutional claim arising out of the conditions of his community custody, he may file a civil

2   rights action under 42 U.S.C. § 1983 to pursue that claim." (Order (Dkt. No. 40).)  Petitioner's Notice

3   of Appeal suggests that the Magistrate Judge erred in failing to mention that the purpose of the injunction

4   he sought by way of his motion for a protective order was to prevent Respondent from retaliatory actions

5   related to Respondent's alleged unlawful attainment of Petitioner's cellular phone number.  Regardless of

6   the precise contours of this claim, however, it is nevertheless outside the scope of the instant habeas case.

7   As such, because the Magistrate Judge's Order (Dkt. No. 40) did not deny habeas relief, a COA is not

8   appropriate.

9          Accordingly, the Court construes Petitioner's Notice of Appeal and Motion for Certificate of

10  Appealability as an appeal to the District Judge of a Magistrate Judge's interlocutory Order.  A

11  Magistrate Judge's ruling on a request for relief that is by its terms outside the scope of the underlying

12  habeas petition is not "dispositive" with respect to the habeas case.  Accordingly, Local Magistrate Rule

13  3 governs this Court's review thereof.  That rule in turn incorporates Federal Rule of Civil Procedure

14  72(a), which provides that the "district judge to whom the case is assigned shall consider such objections

15  and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or

16  contrary to law."  This Court cannot find any such error in the Magistrate Judge's finding that the relief

17  requested by Petitioner is outside the scope of this habeas case and notation that he may pursue a

18  separate § 1983 claim.  Therefore, the Court DENIES Petitioner's Motion for Certificate of Appealability

19  and AFFIRMS the Magistrate Judge's interlocutory Order.  The Court further reminds Petitioner that this

20  Court has not yet ruled on the Magistrate Judge's Report and Recommendation (Dkt. No. 39) or

21  Petitioner's subsequent Objections thereto (Dkt. No. 41) and that a COA may be requested after such a

22  ruling, in the event that Petitioner's habeas petition is dismissed by this Court.

23         DATED this 25th day of June, 2007.

                                        BRUCE RIFKIN, Clerk of Court
24

                                        By   /s/ C. Ledesma
25                                              Deputy Clerk

26  MINUTE ORDER – 2