UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEROY SINGLETON,

        Petitioner,

  v.

JENS MAGELSSEN, Community Corrections Officer, Department of Corrections

        Respondent,

CASE NO. C06-1764-JCC-MJB

ORDER

This Court, having reviewed Petitioner's petition for writ of habeas corpus (Dkt. No. 5), Respondent's Answer thereto (Dkt. No. 20), Petitioner's Reply (Dkt. No. 25), the Report and Recommendation of United States Magistrate Judge Monica J. Benton (Dkt. No. 39), the Petitioner's Objections (Dkt. No. 41), Petitioner's "Motion in Objections to the Court's Current Actions" (Dkt. No. 48), Petitioner's Motion for Preliminary Injunction (Dkt. No. 50) and Respondent's Response thereto (Dkt. No. 52), Petitioner's Reply to the Response (Dkt. No. 55), and the remaining record, hereby finds and rules as follows.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On December 11, 2003, Petitioner was convicted in King County Superior Court on charges of second-degree assault and fourth-degree assault, and sentenced to 36 months of community confinement.

ORDER – 1

(Record ("R.") (Dkt. No. 22) Exs. 1 and 2.) Petitioner filed a direct appeal at the Washington Court of Appeals. (R. Ex. 13, App. E.) He also filed a "Motion for Arrest of Judgment; a New Trial, and Relief from Judgment and Extension of Time Pursuant to CrR(s) 7.4, 7.5, and 7.8" (R. Ex. 5) in the trial court, which transferred the motion to the Washington Court of Appeals to be considered as a Personal Restraint Petition ("PRP") (*see* R. Exs. 6 and 7). The Washington Court of Appeals stayed the PRP to allow the resolution of the direct appeal. (R. Ex. 7.) On direct appeal, that court affirmed the fourth-degree assault conviction and reversed the second-degree assault conviction on the ground that Petitioner's waiver of his right to counsel on that charge had been invalid. (*See* R. Ex. 4.) The PRP was dismissed on December 30, 2005 because Petitioner was awaiting retrial on the second-degree assault charge and would be able to challenge a potential conviction in a direct appeal. (*See* R. Ex. 8.) Probably unbeknownst to the Washington Court of Appeals, Petitioner had actually been convicted earlier, on December 15, 2005, of second-degree assault following a bench trial. (R. Ex. 13, App. C at 1.) Petitioner filed a Motion for Discretionary Review in the Supreme Court of Washington of the dismissal of his petition in the Washington Court of Appeals, but was denied. (R. Ex. 9.) On January 6, 2006, he filed a Motion for Relief from Judgment in King County Superior Court, which transferred the motion to the Washington Court of Appeals for consideration as a PRP. (*See* R. Exs. 10 and 11.) The Washington Court of Appeals dismissed the PRP on February 6, 2006. (R. Ex. 12.) Petitioner then filed a Motion for Discretionary Review in the Supreme Court of Washington (R. Ex. 13), which denied the motion on the ground that he provided no evidence sufficient to validate his argument (*see* R. Ex. 14). Petitioner again filed a motion in the Supreme Court of Washington to modify its ruling (R. Ex. 15), but was denied (R. Ex. 16). On March 23, 2007, an Amended Certificate of Finality finalized the February 6, 2006 Order of the Washington Court of Appeals. (R. Ex. 17.) Petitioner now seeks federal habeas review of his conviction on the second-degree assault charge. (Dkt. No. 5.) The R&R recommends that the habeas petition be dismissed with prejudice. (Dkt. No. 39 at 1.)

ORDER – 2

In addition, Petitioner filed a Motion for Protective Order, requesting that Respondent be enjoined from taking what Petitioner felt to be retaliatory action. (*See* Dkt. No. 29.) The Magistrate Judge issued an interlocutory order striking that motion because it raised arguments wholly unrelated to the habeas action at issue. (*See* Dkt. No. 40.) Petitioner then filed a Notice of Appeal (Dkt. No. 43), stating that he was appealing the interlocutory order to the Ninth Circuit Court of Appeals. This Court construed the Notice of Appeal as a Motion for Certificate of Appealability and as an appeal to the District Judge from the Magistrate Judge's order. The Court then denied that motion as premature, reminding Petitioner that a Certificate of Appealability may be requested only after habeas relief has been denied, and affirmed the Magistrate Judge's order. (Dkt. No. 47.) Petitioner then filed a "Motion in Objections to the Court's Current Actions" (Dkt. No. 48) and a Motion for Preliminary Injunction (Dkt. No. 50), both of which regard his allegations about Respondent's ongoing retaliatory actions. The Court will address these additional motions below.

## II. ANALYSIS

### A. Review of R&R

This Court reviews the R&R and Petitioner's Objections *de novo*. *See* 28 U.S.C. § 636(b)(1). As the R&R correctly found, Petitioner cannot bring his habeas claims to federal court because, by failing to fairly present his claims as *federal* claims in the Washington Court of Appeals, he did not exhaust his remedies in state courts. (*See* R&R 5–7.) In order to present a claim to a federal court for review in a habeas corpus petition, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Furthermore, a state prisoner "must 'fairly present' his claims in each appropriate state court to alert that court to the claim's federal nature," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)), and assert that "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a). Petitioner did not identify his claims as federal claims at the Washington Court of Appeals. He presented

ORDER – 3

his claims as federal claims for the first time in his Motion for Discretionary Review at the Supreme Court of Washington. Therefore, his claims are unexhausted.

Petitioner's unexhausted claims are also barred in federal court because he cannot now bring those claims to state courts. (*See* R&R 7.) If a state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a federal habeas proceeding. *See Harris v. Reed*, 489 U.S. 255, 263 (1989). But even absent a clear statement, a federal habeas claim is also barred where the petitioner failed to exhaust in state courts, and those courts would now find the claim to be procedurally barred. *See Coleman*, 501 U.S. at 735 n.1.

In Petitioner's case, state law prohibits the filing of a motion or petition for collateral attack on a judgment and sentence in a criminal case more than one year after the judgment becomes final. WASH. REV. CODE § 10.73.090(1). The R&R reasonably concluded that the judgment must have been filed before the end of January 2006, since Petitioner was sentenced on January 20, 2006. (*See* R&R 7.) Over a year has passed since that time, so Petitioner is unable to bring his claims to state court. Furthermore, he is barred by a state law prohibiting successive petitions filed upon the same grounds as a previous petition. WASH. REV. CODE § 10.73.140.

Having determined that Petitioner's habeas petition is procedurally barred, the Court turns to the two exceptions to the procedural bar.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

The Magistrate Judge found that Petitioner could not meet either the "cause and prejudice" or the "miscarriage of justice" exception. (R&R 8–10.) The R&R recognized two arguments attempting to establish cause in Petitioner's Reply. First, Petitioner argued that the trial court, in transferring his Motion for Relief from Judgment to the Washington Court of Appeals, knew that such a transfer would

ORDER – 4

alter the requirements for presenting a viable cause of action.  (R&R 9.)  Here, the Magistrate Judge correctly found that Petitioner failed to demonstrate that the trial court acted improperly in transferring his motion or that the different rules governing procedures in the two courts *caused* his procedural default.  (R&R 9.)  Petitioner's second argument is that the Washington Court of Appeals deprived him of an opportunity to present his claims as federal claims.  (*See* R&R 9.)  Yet, as the R&R noted, even if that court had taken the actions Petitioner now argues it should have, Petitioner would not necessarily have presented his claims as federal claims and met exhaustion requirements.  (*See* R&R 10.)  Thus, any alleged acts or omissions of the Washington Court of Appeals cannot reasonably be deemed the cause for his procedural default.  (*See* R&R 10.)  Furthermore, Petitioner does not claim that any alleged acts or omissions of the trial court or the Washington Court of Appeals *prevented* him from couching his claims as federal claims.  Therefore, insofar as the basis of his argument is that the courts failed to facilitate the presentation of his claims as federal claims, that argument fails because they had no such duty.

In his Objections, Petitioner claims that this Court has not had an opportunity to review what he feels are the relevant state court records.  (*See* Obj. 2.)  The Court has already found that the Magistrate Judge's recommendation is based on a correct determination that Petitioner failed to present his claims as federal claims at the Washington Court of Appeals, that those unexhausted claims are now barred in state courts, and that neither *Coleman* exception to the procedural bar applies.  Therefore, in considering Petitioner's Objections, the only remaining avenue for review of his claims in this Court is for him to provide new evidence establishing a *Coleman* exception to the procedural bar.

Yet, a review of the documents to which Petitioner directs this Court's attention, namely those accompanying his "Declaration of Leroy Singleton in Support of Evidentiary Hearing," does not reveal any evidence supporting his claims.  (*See* Dkt. Nos. 26 and 27.)  Specifically, Petitioner suggests that the records he submitted show that the trial judge had "a direct, personal, substantial, pecuniary interest in the outcome of the proceedings" (Obj. 4), and that this constitutes cause under the "cause and prejudice" exception.  (*See* Obj. 2).  The nature of this claim is unclear.  Petitioner seems to suggest in his Reply that

ORDER – 5

the trial judge was attempting to protect his elected seat, because the alleged victim was related to a King County councilmember. (*See* Dkt. No. 25 at 5). However, a review of the record does not validate such an allegation, nor does Petitioner suggest how this allegation, if fully developed, would constitute cause for his procedural default. Additionally, he fails to show how this would establish prejudice to his case. To show prejudice, the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Petitioner fails to meet such a standard.

Petitioner's allegation regarding the trial judge can also be considered under the "miscarriage of justice" exception to the procedural default, but even there it fails. This exception applies to cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner's allegation, even if shown by evidence, would demonstrate at most that the trial judge had an outside motive to convict Petitioner, but it would not necessarily show Petitioner's actual innocence.

Petitioner argues that this Court's dismissal of his petition with prejudice would result in a "fundamental miscarriage of justice," because this Court did not consider the proper state records mentioned in his "Amendment Related Back Petition for Writ of Habeas Corpus." (*See* Obj. 5.) Again, the "miscarriage of justice" exception applies only to situations where a petitioner puts forth evidence supporting allegations of actual innocence. Petitioner mentions new evidence in the form of medical records showing that he sustained injuries "similar to claim." (Obj. 4.) Although his argument here is unclear, he does not allege that the new evidence demonstrates his innocence, nor does it tend to do so.

Finally, Petitioner erroneously relies upon *Townsend v. Sain*, 372 U.S. 293 (1963), in pointing out six situations in which federal courts must grant a habeas petitioner an evidentiary hearing. (*See* Obj. 3.)

ORDER – 6

He attempts to place his claims within a few of those situations. (*See* Obj. 3–4.) However, *Townsend* cannot override the limitations placed on federal courts by the AEDPA, under which a habeas petition *cannot* be granted unless it appears that a petitioner has exhausted state remedies. (*See* 28 U.S.C. § 2254(b)(1).) Petitioner has not properly exhausted in state courts and cannot now cure this defect. Thus, even if his claims fall under *Townsend*, such cannot override the statutory exhaustion requirement.

**B.     Petitioner's Additional Motions**

**1.     "Motion in Objections [sic] to the Court's Current Actions"**

The Court construes Petitioner's "Motion in Objections to the Court's Current Actions" as a motion for reconsideration. Motions for reconsideration are governed by Local Civil Rule 7(h), which provides that they are "disfavored" and that the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. CR 7(h)(1).

The Court acknowledges Petitioner's objection to the apparent substitution of Respondent in a previous communication from the Clerk to Petitioner. (*See* Dkt. No. 45.) That substitution was an inadvertent error, and has since been corrected.

However, with respect to Petitioner's objections to the Court's denial of his Notice of Appeal (Dkt. No. 43) and Motion for Certificate of Appealability (Dkt. No. 44) (both of which the Court ultimately construed as an appeal to the District Judge of a Magistrate Judge's interlocutory order) the Court finds Petitioner's argument unpersuasive. Petitioner broadly refers to the "All Writs Act," 28 U.S.C. § 1651(a), requesting the Court to apply it to grant him the relief he requested in his Motion for Protective Order, even though the Court dismissed that motion because it was outside the scope of the instant habeas action. The All Writs Act is generally used "where exceptional circumstances require it." *Penn. Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985). In his Motion for Protective Order, Petitioner requested relief from Respondent's alleged retaliatory action, consisting of

ORDER – 7

recommending Petitioner for anger management classes. This does not call for the application of the All Writs Act. Petitioner fails to make the required showing under Rule 7(h)(1), and this Court will not reconsider its previous disposition of the motions on those issues.

### 2. Motion for Preliminary Injunction

In his Motion for Preliminary Injunction, Petitioner requests that the Court enjoin Respondent from taking allegedly retaliatory actions against Petitioner. Petitioner alleges, *inter alia*, that Respondent or another party from the county jail was responsible for arresting him without informing him of the condition of custody he had violated, and for taking Petitioner's keys and other personal belongings. Respondent has submitted a response, contesting Petitioner's account of the facts and arguing that Petitioner cannot meet the standard to be granted a preliminary injunction. (*See* Dkt. No. 52.) This Court makes no determination of the merits of Petitioner's claims, because while *related* to his confinement under the sentence he contests, they are properly brought in a separate action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. These claims are outside the scope of the instant habeas proceeding.

*   *   *

Regarding both of Petitioner's motions discussed above, he is again reminded that if he "believes that he has a meritorious constitutional claim arising out of the conditions of his community custody, he may file a civil rights action under 42 U.S.C. § 1983 to pursue that claim" (Dkt. No. 40 at 2; Dkt. No. 47).

## III.  CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R and DISMISSES WITH PREJUDICE Petitioner's petition for writ of habeas corpus. The Court also DENIES Petitioner's "Motion in Objections to the Court's Current Actions" and DENIES Petitioner's Motion for Preliminary Injunction. The Clerk is DIRECTED to send copies of this Order to all counsel and to Magistrate Judge Benton and to CLOSE this case. The Court reminds Petitioner that if he wishes to appeal this Court's denial of

ORDER – 8

habeas relief to the Ninth Circuit Court of Appeals, he must first move this Court for a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

SO ORDERED this 31st day of July, 2007.

/s/ John C. Coughenour
John C. Coughenour
United States District Judge

ORDER – 9